# THE UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR334 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LAMONT JOHNSON, | ) | |
| | ) | (Resolves Doc. 22) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Lamont Johnson's motion to suppress (Doc. 22). The Government has opposed the motion, and the Court conducted an evidentiary hearing on February 20, 2025. Upon review, the motion is DENIED.

The underlying facts of the search at issue are largely undisputed. On November 15, 2023, at just after 4:40 p.m., officers conducted a traffic stop involving a vehicle driven by Johnson that was parked at a Shell gas station. When officers approached the vehicle, Johnson fled but was apprehended after a foot pursuit. Officers then returned to the vehicle and observed a handgun in plain view on the driver's seat, a plastic baggie of suspected controlled substances near the cup holder, U.S. currency on the center console, and a second plastic baggie of suspected controlled substances on the ground near where Johnson had fled. Ultimately, testing revealed the substances to contain 19 grams of a mixture of fentanyl and xylazine and 23.967 grams of a mixture of cocaine, fentanyl, and xylazine.

The Sixth Circuit has noted:

> [A]n officer may conduct an investigatory stop only if he has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity. Reasonable suspicion must be based on specific, objective facts, and requires that the detaining officers have a particularized and objective basis for suspecting the particular person stopped of criminal activity. The determination of whether reasonable suspicion existed must be based on the totality of the circumstances in place at the time of seizure.

*United States v. Johnson*, 620 F.3d 685, 692 (6th Cir. 2010)(internal citations and quotations omitted).

"Reasonable suspicion" is recognized for being an abstract concept, but this is a product of design, not accident or error, and the Supreme Court has "deliberately avoided reducing it to 'a neat set of legal rules.'" *United States v. Arvizu*, 534 U.S. 266, 274 (2002) (quoting *Ornelas v. United States*, 517 U.S. 690, 695–96 (1996)); *see also Illinois v. Gates*, 462 U.S. 213, 232 (1983) (noting that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules"). With this abstract, context-specific framework in mind, the Supreme Court has also cautioned reviewing courts not to consider factors in the reasonable-suspicion analysis in isolation from one other. *Arvizu*, 534 U.S. at 274. A "divide-and-conquer" analysis—where each factor is singled out and the court engages in a post-hoc search for an innocent explanation—is not permitted. *Id*. And, while the Supreme Court has wrestled with the precedential difficulties created by this fact-specific approach, it has suggested that "[e]ven if in many instances the factual 'mosaic' analyzed for a reasonable-suspicion determination would preclude one case from squarely controlling another, 'two decisions when viewed together may usefully add to the body of law on the subject.'" *Id*. at 275 (quoting *Ornelas*, 517 U.S. at 697–98).

Before detailing the totality of the circumstances as found based upon the Court's evidentiary hearing, the Court must resolve Johnson's primary argument in support of his motion

to suppress. Specifically, Johnson attempted through cross-examination of the arresting officers to demonstrate that the officers lacked the physical ability to view Johnson's actions within his vehicle despite their testimony to the contrary. The Court was given the opportunity to review the physical exhibits as well as see the demeanor of the officers during their testimony. Based upon that review, the Court rejects Johnson's arguments that the tint of the window precluded the officer's sworn observations. As such, those observations will be included in the Court's review of the totality of the circumstances.

Based upon the testimony and exhibits received by the Court, the totality of the circumstances known to officers at the time they initiated their stop of Johnson included: 1) Johnson was in a high crime area, 2) Johnson pulled into the Valero gas station but left without transacting any business there, 3) Johnson pulled into to the pumps at a Shell gas station but did not attempt to use them, 4) Johnson had been seen in the same vehicle a few days prior during which officers observed what they believed to be drug activity, 5) while in the vehicle, Johnson appeared to look down at his lap as if preparing something and then scanned the parking lot, 6) shortly thereafter, Chevy truck backed into the pump in front of Johnson, 7) the driver exited the truck, walked to Johnson's vehicle, and immediately entered the back seat of the vehicle, and handed something to Johnson, and 8) Johnson then looked back into his lap as if preparing something again.

Initially, the Court notes that presence in a high-crime location—"may not, without more, give rise to reasonable suspicion," but is properly considered in the totality of the circumstances. *United States v. Caruthers*, 458 F.3d 459, 467 (6th Cir. 2006). The officers' observations also strongly suggest that they were witnessing a hand-to-hand drug transaction. Directly witnessing such a transaction, standing alone, can support reasonable suspicion. *See United States v.*

*Johnson*, 627 F.3d 578, 584 (6th Cir. 2010). Here, officers were required to use their training and experience to infer such a transaction was occurring. Given the facts above, the Court finds this was a reasonable inference. In addition to those facts, the Court notes the unusual nature of Johnson's activity. He parked at a gas pump and made no attempt to use any of the services offered by the gas station. In addition, almost immediately after stopping, a third party parked near his vehicle and immediately entered its rear seat. Similar to Johnson, this individual also made no effort to utilize any of the services at the gas station. While Johnson attempted to argue that there *could* be reasonable, legal explanations for these actions, those arguments run afoul of *Arvizu* which noted that such a divide-and-conquer approach is inappropriate.

Instead, the Court notes that officers could properly consider Johnson's unusual activities that ultimately culminated in what appeared to be a hand-to-hand drug transaction in a high crime area. Given the totality of the circumstances, officers had ample reasonable suspicion to initiate an investigatory stop.

While Johnson makes passing mention of the subsequent search of his vehicle, there is no reasonable argument to suggest there was not ample probable cause at the stage to search the vehicle. Johnson fled on foot when officers attempted their investigatory stop. Moreover, when officers approached the vehicle after his apprehension, there was a handgun and controlled substances in plain view. As such, the search of the vehicle raises no constitutional concerns.

Based upon the above, Johnson's motion to suppress is DENIED.

IT IS SO ORDERED.

Dated: March 13, 2025                          */s/ Judge John R. Adams*
                                                                                   JUDGE JOHN R. ADAMS
                                                                                   UNITED STATES DISTRICT COURT